RAWLS, Judge.
The State of Florida Board of Trustees of the Internal Improvement Trust Fund appeal an adverse summary final judgment. Applicable facts are: Pursuant to sale of a tax certificate, fee simple title to the subject land was vested in the State of Florida on September 4, 1933. Appellant Trustees conveyed the land to one H. W. Fisher on March 6, 1946, reserving certain mineral rights. Fisher defaulted in the payment of ad valorem taxes and the land was purchased by Okaloosa County. On November 3, 1952, Okaloosa County conveyed the subject land by tax deed to one E. M. Griffin, appellee Smith’s predecessor in title without any reservation of mineral rights.
The sole point on appeal by the State is: Where the State of Florida conveys real property and retains mineral reservations, and the fee simple or surface owner fails to pay county ad valorem taxes, will a subsequent tax deed without reservations extinguish and cancel the mineral rights of the State of Florida?
*493 The statutory scheme for taxation of real property, to say the least, is not a model of clarity. Section 211.14, Florida Statutes, F.S.A., originally enacted in 1945, provides in part:
“211.14 Severance of oil rights; tax certificates; rights of holder; tax deeds, etc.—
“(1) Whenever any severance of title between the surface ownership of land and the subsurface ownership of any right, title or interest in gas or oil, or both, thereunder, takes place with respect to land in this state, by any type of severing conveyance or reservation, the interests so severed or reserved shall, notwithstanding such severance or reservation, continue to be a part of the surface ownership for the purpose of all ad valo-rem taxation imposed by any taxing authority in this state. All title forfeitures, foreclosures, reverters, and sales of lands for nonpayment of ad valorem taxes shall include the subsurface oil and gas and mineral interests.”
Apparently in direct conflict with the foregoing statute are the provisions of Section 193.481 (formerly § 193.221), first enacted in 1957, which provide:
“193.481 Assessment of oil, mineral, and other subsurface rights.—
“(1) Whenever the mineral, oil, gas, and other subsurface rights in or to real property in this state shall have been sold or otherwise transferred by the owner of such real property, or retained or acquired through reservation or otherwise, such subsurface rights shall be taken and treated as an interest in real property subject to taxation separate and apart from the fee or ownership of the fee or other interest in the fee. Such mineral, oil, gas, and other subsurface rights, when separated from the fee or other interest in the fee, shall be subject to separate taxation. Such taxation shall be against such subsurface interest and not against the owner or owners thereof or against separate interests or rights in or to such subsurface rights.”
Appellant argues that the legislative scheme is for the respective interests of the surface owner and the subsurface owner to be taxed separately. The two statutes being in direct conflict, it is impossible to ascertain the legislative scheme. Inasmuch as the subject land was conveyed by the County of Okaloosa several years prior to the enactment of the predecessor of Section 193.481, we determine that the provisions of Section 211.14, vesting in the grantee of a tax deed all subsurface oil, gas, and mineral rights, are applicable.
Appellant further argues that once the subsurface rights were vested in the sovereign, same could not be divested by a tax deed. In support of this argument, appellant points out that the State of Florida is immune from taxation,[1] and thus where no taxes are due, no assessment can be made and a purported sale of land is a nullity.[2] The argument is fallacious. The State of Florida acquired its claimed interest in the subject lands by levying ad valo-rem taxes. After acquiring title to the land due to a landowner’s failure to “render unto Caesar,” the State then resold the land subject to the proclamation in the statute that “All * * * sales of lands for nonpayment of ad valorem taxes shall include the subsurface oil and gas and mineral interests.”[3] The sovereign granted to its creature, the County of Okaloosa, the right to enforce payment of ad valorem taxes by sale thereof to third parties without reservation of any interest therein. Such tax deed vests in the grantee a new and independent title. In Daniell v. *494 Sherrill,[4] the quotation of the Supreme Court of Florida from 48 Harvard Law Review, p. 1299, viz.:
“If we say with Mr. Justice Holmes, ‘men must turn square corners when they deal with the Government,’ it is hard to see why the Government should not be held to a like standard of rectangular rectitude when dealing with its citizens.”
is most applicable here.
The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.

. Park-N-Shop, Inc., v. Sparkman, 99 So.2d 571 (Fla.1957).

. 31 Fla.Jur., Taxation, § 210, pp. 100-101.

. F.S. § 211.14(1), F.S.A.

. Daniell v. Sherrill, 48 So.2d 736, 739 (Fla.1950).